# EXHIBIT D-12

Case 2:20-cv-00263-Z-BR    Document 1-16    Filed 11/11/20    Page 2 of 12    PageID 153

FILED
DIANE HOEFLING
DISTRICT COURT
11/5/2020 4:49 PM
MOORE COUNTY, TEXAS
BY:Kellisa Ortega

CAUSE NO. 20-61

| | | |
|---|---|---|
| Simon Garcia, Rebecca Garcia, Jose Campos, and Christopher Garcia, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| vs. | § § | MOORE COUNTY, TEXAS |
| Manny Guerrero, Ashley Henning, Sandy Dean, Jacob Montoya, and Donna Estrada, | § § § § | |
| *Defendants*. | § | 69th JUDICIAL DISTRICT |

**FIRST AMENDED PETITION**

Simon Garcia, Rebecca Garcia, Jose Campos, and Christopher Garcia ("Plaintiffs") complain of JBS USA Food Co. dba Swift Beef Company ("JBS USA"), Manny Guerrero, Ashley Henning, Jacob Montoya, and Donna Estrada (collectively "Defendants") and will respectfully show the Court the following:

**I.**

**NATURE OF ACTION**

1.  This is an action to recover damages after Plaintiffs contracted COVID-19 while working at the JBS USA Food Co. dba Swift Beef Company ("JBS USA") meatpacking plant in Cactus, Texas.

**II.**

**DISCOVERY**

2.  Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## III.

### JURISDICTION AND VENUE

3. Plaintiffs' claims arise under the laws of Texas.

4. The Court has jurisdiction over this case because Plaintiffs seek damages within the jurisdictional limits of this Court. Further, this case is not removable because Plaintiffs have not made any federal claims and one or more Defendants are citizens of the State of Texas.

5. Venue is proper in this County because one or more Defendants reside in this County. Venue is also proper under Texas Civil Practice and Remedies Code § 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

6. Plaintiff **Simon Garcia** is a resident of Texas.

7. Plaintiff **Rebecca Garcia** is a resident of Texas and the lawful wife of Plaintiff Simon Garcia.

8. Plaintiff **Jose Campos** is a resident of Texas.

9. Plaintiff **Christopher Garcia** is a resident of Texas.

10. Defendant **JBS USA Food Co. dba Swift Beef Company** ("JBS USA") is a foreign corporation that does a substantial amount of business in Texas. Specifically, JBS USA owns and operates the JBS facility located in Cactus, Texas. Thus, the Court has specific jurisdiction over JBS USA for its negligent conduct that occurred in the State of Texas. JBS USA can be served through its registered agent: Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

11. Defendant **Manny Guerrero** is a resident of Texas and was, upon information and belief, the General Manager for the JBS USA facility in Cactus, Texas at all times relevant to this action. Mr. Guerrero has appeared in this case and may be served through counsel of record.

12. Defendant **Ashley Henning** is a resident of Texas and was, upon information and belief, the Safety Manager for the JBS USA facility in Cactus, Texas at all times relevant to this action. Ms. Henning has appeared in this case and may be served through counsel of record.

13. Defendant **Jacob Montoya** is a resident of Texas and was, upon information and belief, the Plant Engineer at the JBS USA facility in Cactus, Texas at all times relevant to this action. Mr. Montoya has appeared in this case and may be served through counsel of record.

14. Defendant **Donna Estrada** is a resident of Texas and was, upon information and belief, the Technical Services Manager at the JBS USA facility in Cactus, Texas at all times relevant to this action. Ms. Estrada has appeared in this case and may be served through counsel of record.

## V.

### FACTS

15. At all times relevant to this suit, Plaintiff **Simon Garcia** worked at the JBS USA beef meatpacking plant in Cactus, Texas as a "chuck boner". Upon information and belief, Plaintiff Simon Garcia contracted COVID-19 as a direct result of his employment at JBS USA.

3

Plaintiff Simon Garcia became extremely ill with COVID-19, was hospitalized on or about April 18, 2020. He remained hospitalized for approximately five weeks, and was intubated for approximately two of those weeks. Despite his release from the hospital, Plaintiff Simon Garcia continues to have severe health problems as result of his COVID-19 infection.

16. At all times relevant to this suit, Plaintiff **Rebecca Garcia** was the lawful wife of JBS USA employee Plaintiff Simon Garcia. Upon information and belief, Plaintiff Rebecca Garcia contracted COVID-19 as a direct result of her husband's employment at JBS USA. She continues to have severe health problems as result of her COVID-19 infection.

17. At all times relevant to this suit, Plaintiff **Jose Campos** worked at the JBS USA beef meatpacking plant in Cactus, Texas in the maintenance department. Upon information and belief, Plaintiff Jose Campos contracted COVID-19 as a direct result of his employment at JBS USA. He continues to have severe health problems as result of his COVID-19 infection.

18. At all times relevant to this suit, Plaintiff **Christopher Garcia** worked at the JBS USA beef meatpacking plant in Cactus, Texas in the quality assurance department. Upon information and belief, Plaintiff Christopher Garcia contracted COVID-19 as a direct result of his employment at JBS USA. He continues to have severe health problems as result of his COVID-19 infection.

19. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many states and counties began implementing proactive safety measures to prevent the spread of COVID-19.

20. On March 9, 2020, with over 500 COVID-19 infections in the United States, the CDC published federal guidelines for workers. These guidelines included recommendations

for social distancing of at least 6 feet, and the use of Personal Protective Equipment ("PPE") for workers.

21. In Texas, Governor Abbott issued a stay-at-home order that took effect on April 2, 2020. At that time, COVID-19 was a known virus at meat packing plants like JBS USA. Still, Plaintiffs were required to work until they showed symptoms and were, eventually, quarantined and tested.

22. Prior to April 2, 2020 and after April 2, 2020, JBS USA failed to take adequate precautions to protect its employees from COVID-19 risks. Upon information and belief, JBS USA did not provide masks for its employees until April 2 and did not mandate the use of masks until April 30. While the rest of the country and State of Texas were taking significant precautions to prevent the spread of COVID-19, JBS USA chose to ignore its significance. As late as May, JBS USA had no system of contract tracing, six-foot spacing modifications, or social distancing barriers on the production line. In short, JBS USA required its employees to come to work without sufficient protection, despite the well-known risk of COVID-19.

23. Defendants Manny Guerrero (the complex General Manger), Ashley Henning (Safety Manager), Jacob Montoya (Plant Engineer), and Donna Estrada (Technical Services Manager and head of quality assurance) were, upon information and belief, directly responsible for implementing a safe work environment at the JBS USA's Cactus meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19. Defendants Manny Guerrero,

---

[1] JBS USA chose not to obtain workers compensation insurance in the State of Texas. Thus, JBS USA and its agents (the named Defendants in this lawsuit) are liable to Plaintiffs for their personal injuries sustained in the course and scope of their employment.

5

Ashley Henning, Jacob Montoya, and Donna Estrada failed to fulfill their duty to provide a safe working environment to Plaintiffs. As a direct result of the negligence and gross negligence of Defendants, Plaintiffs contracted COVID-19 at the JBS USA facility and have experienced significant injuries as a result.

24. Thousands of JBS USA employees have been exposed to COVID-19 at JBS USA's meatpacking facilities and at least four employees have died due to exposure and pervasive work-while-sick culture. Presently, over 300 employees have contracted COVID-19 at its Cactus, TX plant.

25. In Texas, JBS USA also chose not to provide its employees with workers compensation benefits for those who contracted COVID-19 in the workplace.

26. JBS USA's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incidents and injuries.

27. Plaintiffs bring these claims exclusively under the laws of the State of Texas. Plaintiffs *do not* assert claims under the Defense Production Act, the Federal Meat Inspection Act, or President Trump's April 28, 2020 Executive Order.

## VI.

### CAUSES OF ACTION

**A. *Negligence and Gross Negligence against all Defendants.***

28. Plaintiffs repeat and re-allege each allegation contained above.

29. Defendants are negligent and grossly negligent for the following reasons:

    a. Failed to provide a safe work environment;

    b. Requiring Plaintiffs to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

    c.    Failed to provide adequate PPE to the workers at the meatpacking plant;

    d.    Failed to implement adequate precautions and social distancing at the meatpacking plant;

    e.    Failed to follow guidelines set forth by the World Health Organization ("WHO") and Center for Disease Control ("CDC") with regard to COVID-19 at the meatpacking plant;

    f.    Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

    g.    Failure to properly train JBS employees at the meatpacking plant;

    h.    Failure to provide adequate medical treatment;

    i.    Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

    j.    Other acts deemed negligent and grossly negligent.

30.    Defendants owed Plaintiffs a legal duty of the foregoing.

31.    Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiff, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiffs' injuries, Plaintiffs will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

32.    Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiffs to an extreme degree of

risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the rights, safety, and welfare of Plaintiffs. Thus, Plaintiffs are entitled to exemplary damages against Defendants.

## VII.
## DAMAGES

33. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, and mental anguish will continue indefinitely.

34. Plaintiffs are also entitled to punitive damages because the actions of Defendants were grossly negligent. Plaintiffs' injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents, or representatives.

## VIII.
## JURY TRIAL

35. Plaintiffs hereby request a trial by jury on all claims and submit their jury fee herewith.

## IX.
## PRAYER

36. Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final

hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs affirmatively state that they seek damages in excess of $1,000,000 and prays for relief and judgment, as follows:

a. Compensatory damages against Defendants;

b. Actual damages;

c. Consequential damages;

d. Pain and suffering;

e. Exemplary damages;

f. Past and future mental anguish;

g. Past and future impairment;

h. Past and figure disfigurement;

i. Loss of wages past and future;

j. Loss of earning capacity;

k. Interest on damages (pre- and post-judgment) in accordance with law;

l. Costs of court;

m. Expert witness fees;

n. Costs of copies of depositions; and

o. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Claire Traver
SBN: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

Tim Newsom
State Bar No. 00784677
Email: tim@youngfirm.com
YOUNG & NEWSOM, PC
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
806/331-1800 (P)
806/398-9095 (F)
**ATTORNEY FOR PLAINTIFFS**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2020, a true and correct copy of the foregoing was served on all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

*/s/ Joseph McGowin*
Joseph McGowin
