UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

FILED
**March 02, 2021**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SIMON GARCIA, REBECCA GARCIA, JOSE CAMPOS, and CHRISTOPHER GARCIA,<br><br>    **Plaintiffs,**<br><br>vs.<br><br>SWIFT BEEF COMPANY, MANNY GUERRERO, ASHLEY HENNING, JACOB MONTOYA, and DONNA ESTRADA,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:20-cv-00263-Z<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' SUR-REPLY IN
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants hereby file their Sur-Reply in Opposition to Plaintiffs' Motion to Remand ("Sur-Reply") and state as follows:

### Argument

In their Reply to Defendants' Response to Motion to Remand [ECF 25] ("Reply"), Plaintiffs cite two new cases from the Northern District of Iowa involving Tyson Foods, Inc. ("Tyson"). (*See* Reply at 2-5.) Because those opinions were not addressed in prior briefing, Defendants file this short Sur-Reply to address them.

**A.     The Iowa decisions are inapposite because they do not address key issues in this case.**

The primary basis for the Iowa Court's decision to remand the cases involving Tyson does not apply to this case. In both of those cases, the plaintiffs expressly stated that their allegations did not involve any conduct that took place after the Executive Order was issued on April 28, 2020. *See Fernandez v. Tyson Foods, Inc.*, No. 20-CV-2079-LRR, 2020 WL 7867551, at *7 (N.D. Iowa Dec. 28, 2020) ("Plaintiff argues that he 'did not sue Tyson for actions taken after [Isidro]

Fernandez died on April 26[, 2020],' and, therefore, it is 'irrelevant whether or not the company was acting under a federal officer as of April 28[, 2020].'"); ECF 25-4 at 14 [*Buljic v. Tyson Foods, Inc.*, 20-CV-2055-LRR (N.D. Iowa Dec. 28, 2020)] ("Plaintiffs argue that they 'did not sue Tyson for actions taken subsequent to President Trump's April 28[, 2020] Executive Order.'").) Indeed, the Court notes several times that the alleged conduct took place before April 28, 2020. *See Fernandez*, 2020 WL 7867551, at *12-14 (noting in each section of the Court's analysis that the Executive Order was issued *after* the relevant events alleged in the petition).

Unlike the plaintiffs in the Iowa cases, Plaintiffs in this case admit the Executive Order applies to at least some of their claims. (*See* ECF 14 at 18 ("And even for the *portions of Plaintiffs' claims that arise after* the April 2, 2020 [sic], executive order . . . .") (emphasis added).) Similarly, Plaintiffs only allege that one of them—Simon Garcia—was infected with COVID-19 before the Executive Order was issued. (*See* ECF 14-1 at ¶ 15 ("Plaintiff Simon Garcia became extremely ill with COVID-19, was hospitalized on or about April 18, 2020.").) Plaintiffs do not say when the other three of them allegedly became infected and do not contend it was before the Executive Order was issued. (*See id.* at ¶¶ 16-18 (omitting information regarding the timing of infection for Plaintiffs Rebecca Garcia, Jose Campos, and Christopher Garcia).)

Because the Iowa Court's decisions were based primarily on the fact that the relevant conduct in the Tyson cases took place before the Executive Order was issued and that the Executive Order was, therefore, inapplicable to the plaintiffs' claims, the Iowa Court's decisions do not address the circumstances of this case—allegations that Defendants are liable for conduct that took place *after* the Executive Order was issued. Thus, the Court should not consider the Iowa Court's decisions when ruling on the Motion to Remand.[1]

---

[1] The Iowa cases are also inapplicable because they do not address the issues of diversity jurisdiction and fraudulent joinder—issues this Court must address in ruling on the Motion to Remand. (*See* ECF 20 at 21-

**B.     This Court should also ignore the Iowa court decisions because they are not binding and they are incorrect.**

This Court should not consider the Iowa Court's decisions because the decisions are not binding—or even persuasive—and the Iowa Court erred in its decisions. As an initial matter, the Supreme Court has made it clear that district court decisions do not constitute binding precedent. *See Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'"). And while such decisions may be persuasive, that is only when the decisions are relevant and correctly apply the law. As shown above, the Iowa decisions are not relevant to this case because the Court's reasoning there does not apply to the facts of this case. But the decisions are also not persuasive because Iowa court did not correctly apply the law.

With respect to the issue of federal question jurisdiction, the Iowa court appears to have limited its analysis to whether the *plaintiffs' claims* arose under federal law. *See Fernandez*, 2020 WL 7867551, at *14 ("Upon review of the Petition, the court finds that the Petition does not assert federal claims, but rather asserts common law tort claims for negligence and fraudulent misrepresentation. . . Furthermore, Plaintiff's negligence and fraudulent misrepresentation claims do not allege a cause of action created by a federal statute."). But plaintiffs may not avoid federal jurisdiction through artful pleading when their claims necessarily raise significant federal issues. Indeed, the Supreme Court has ruled that federal question jurisdiction exists when state-law claims "nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). And here, Plaintiffs' claims

---

25 (explaining that the Court has diversity jurisdiction because the Individual Defendants were fraudulently joined); *see also* ECF 1 at 16-18 (removing the case based on diversity jurisdiction and fraudulent joinder).)

require the Court to evaluate the propriety of federal guidance and guidelines, including the April 28, 2020 Executive Order and guidelines issued by the CDC and OSHA regarding workplace safety.

To the extent the Iowa court held that federal jurisdiction does not exist because its plaintiffs' claims regarding workplace safety did not implicate such guidelines, this Court should reach the opposite conclusion. *See Fernandez*, 2020 WL 7867551, at *14 ("refences to CDC guidelines and OSHA standards in the Petition are for purposes of measuring Defendants' negligence and not claims for relief under CDC guidance or OSHA regulations"). The issue of whether Defendants followed (or were required to follow) CDC and OSHA guidelines raises a crucial federal question regarding which workplace safety standards—state or federal—apply during a national emergency. Moreover, Plaintiffs in this case expressly allege Defendants were negligent because Defendants purportedly failed to follow CDC guidelines for meatpacking plants. (*See* ECF 14-1 at ¶ 29(e).) Thus, the issue of whether Defendants followed federal guidelines— including the circumstances in which such guidelines apply and how they should be construed— is a key component of Plaintiffs' negligence claim and gives rise to federal jurisdiction.

Similarly, the Iowa court erred in holding that "the alleged conduct in Plaintiff's Petition is not connected or associated in any manner with the directions of a federal officer" because "[n]o federal officer directed Tyson to keep its Waterloo facility open *in a negligent manner* . . . ." *Fernandez*, 2020 WL 7867551, at *13 (emphasis added). In reaching this conclusion, the Iowa court improperly assumed Tyson acted in a negligent manner. But the burden is on plaintiffs— both in the Iowa cases and here—to prove the defendants acted negligently and in a manner contrary to the federal guidance and directives they were given. Rather than presupposing the plaintiffs will succeed on their claims and that Tyson did not follow the federal directives, the Iowa

court should have recognized that plaintiffs' allegations created the specific disputed federal issue that gives rise to federal jurisdiction.

Finally, it should be noted that Tyson has appealed the Iowa court's decisions.[2]  At the very least, Tyson's appeal shows that Tyson believes the Iowa court erred.  The appeal will also require the Eighth Circuit to review the district court's legal determinations de novo.  Thus, to the extent this Court considers the Iowa court's decisions, it should do likewise and determine how to apply the law de novo rather than relying on the Iowa court's legal analysis.

## Conclusion

For all the reasons explained above and in Defendants' Response to Plaintiffs' Motion to Remand [ECF 20], Defendants respectfully request that Plaintiffs' Motion to Remand be denied and that Defendants be granted all other and further relief to which they are entitled either at law or in equity.

---

[2] For the Court's convenience, Defendants are including copies of Tyson's notices of appeal in Defendants' Appendix in Support of their Sur-Reply in Opposition to Plaintiffs' Motion to Remand ("Sur-Reply Appendix") filed concurrently herewith. (*See* Sur-Reply App. at 3-12.)  The Court may take judicial notice of the fact that Tyson filed the notices of appeal because that fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Respectfully submitted,

*/s/ Alexander Brauer*
Alexander Brauer
Texas State Bar No. 24038780
abrauer@baileybrauer.com
Clayton E. Bailey
Texas State Bar No. 00796151
cbailey@baileybrauer.com
Benjamin L. Stewart
Texas State Bar No. 24046917
bstewart@baileybrauer.com
Adam Bell
Texas State Bar No. 24101500
abell@baileybrauer.com

**BAILEY BRAUER PLLC**
Campbell Centre I
8350 N. Central Expressway, Ste. 650
Dallas, Texas 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7435

-and-

Matt W. Sherwood
State Bar No. 24066063
msherwood@bf-law.com

**BROWN & FORTUNATO, P.C.**
905 S. Fillmore, Suite 400
Amarillo, TX 79101
Telephone: (806) 345-6300
Facsimile: (806) 345-6363

**ATTORNEYS FOR DEFENDANT SWIFT BEEF COMPANY**

## CERTIFICATE OF SERVICE

On January 19, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Alexander Brauer*
Alexander Brauer