UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SIMON GARCIA, REBECCA GARCIA, )
JOSE CAMPOS, and CHRISTOPHER )
GARCIA )
                 )
    Plaintiffs, )
                 )
vs. )    Case No. 2:20-cv-00263-Z
                 )
SWIFT BEEF COMPANY, MANNY )
GUERRERO, ASHLEY HENNING, )
JACOB MONTOYA, and DONNA )
ESTRADA, )
                 )
    Defendants. )

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Defendants hereby file their Response to Plaintiffs' Notice of Supplemental Authority in Support of Plaintiffs' Motion to Remand and Oppositions to Defendants' Motions to Dismiss [ECF 33] ("Notice"), and state as follows:

**Argument**

Plaintiffs ask the Court to consider a case from the Eastern District of Pennsylvania, *Benjamin v. JBS S.A.*, CV 20-2594, 2021 WL 308133, at *4 (E.D. Pa. Jan. 29, 2021), as persuasive authority when evaluating Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss.[1]

---

[1] Plaintiffs appear to acknowledge that district court opinions and even Third Circuit opinions are not binding on courts in this circuit. *Camreta v. Greene,* 563 U.S. 692, 709, n. 7 (2011) ("'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'"); *White v. Sanders*, 49 F.3d 728, *2, n. 5 (5th Cir. 1995) (holding a Third Circuit opinion is not binding in this circuit and analyzing the issue "without regard to such non-binding precedent"); *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992) (denying appellants argument that relied on non-binding Third Circuit opinion); *Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 544 (N.D. Tex. 2018) ("Further, as *Clegg* is an opinion of the Third Circuit Court of Appeals, it is not binding on this court.").

(ECF 33 at 2.)  The Court should decline to consider the opinion as persuasive, however, because it does not apply to the facts of this case.  First, in contrast to Plaintiffs' alleged injuries in this case, the plaintiff's injury in the Pennsylvania case occurred weeks before President Trump's April 28, 2020 Executive Order.  Second, Plaintiffs in this case expressly allege Defendants were negligent because they failed to follow federal guidelines.  This allegation raises a federal issue and requires interpretation of the federal guidelines by this Court.  Each argument will be addressed in turn.

A. **The Pennsylvania decision is inapposite because the plaintiff in that case alleges the negligent conduct and injury occurred prior to the April 28, 2020 Executive Order.**

In the Pennsylvania case, the plaintiff alleges that his father became ill and passed away from COVID-19 more than three weeks prior to the Executive Order issued by President Trump on April 28, 2020.  (ECF 33-1, at *1.)  The Pennsylvania Court noted this fact in its opinion and determined that the Executive Order was therefore irrelevant to its remand analysis.  (ECF 33-1, at *4 ("Moreover, we note that it is unclear how the Food Supply Chain Order, issued weeks after Enock's death, is at all relevant to the instant matter.").)

Unlike the plaintiff in the Pennsylvania case, Plaintiffs in this case admit the Executive Order applies to at least some of their claims.  (*See* ECF 14 at 18 ("And even for the *portions of Plaintiffs' claims that arise after* the April 2, 2020 [sic], executive order . . . .") (emphasis added).)  Similarly, Plaintiffs only allege that one of them—Simon Garcia—was infected with COVID-19 before the Executive Order was issued.  (*See* ECF 14-1 at ¶ 15 ("Plaintiff Simon Garcia became extremely ill with COVID-19, was hospitalized on or about April 18, 2020.").)  The other Plaintiffs do not make the same allegation.  (*See id.* at ¶¶ 16-18 (omitting when Plaintiffs Rebecca Garcia, Jose Campos, and Christopher Garcia allegedly contracted COVID-19).)

Because the Pennsylvania Court's decision is rooted in the fact that the plaintiff's injury occurred before the Executive Order was issued (and the Executive Order was, therefore, inapplicable to the plaintiff's claims), the decision does not address the circumstances of this case—allegations that Defendants are liable for conduct that took place *after* the Executive Order was issued. The Pennsylvania Court's decision should therefore not be considered persuasive by this Court when ruling on the Motion to Remand and Motions to Dismiss.[2]

**B.    The Pennsylvania decision is also inapposite because its analysis does not apply to Plaintiffs' allegations in this case.**

Regarding the issue of federal question jurisdiction, the Pennsylvania Court acknowledges "[a] federal issue is necessarily raised when 'an element of the state law claim requires construction of federal law,'" but the Court appears to have limited its analysis to its belief that the plaintiff's claims in that case merely referenced a federal statute or regulation. (*See* ECF 33-1, at *3 ("In contrast, '[m]ere reference to federal statutes and regulations is insufficient to support federal questions jurisdiction.'" (internal citations omitted)).)  Plaintiffs in this case, however, expressly allege Defendants were negligent because Defendants purportedly failed to "follow guidelines set forth by the … Center for Disease Control ("CDC") with regard to COVID-19 at the meatpacking plant." (ECF 14-1 at ¶ 29(e).)  The Court in this case must therefore interpret the federal guidelines set forth by the CDC with regard to COVID-19 in meatpacking plants, which is "an important issue of federal law that sensibly belongs in a federal court." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315, (2005).

---

[2] The Pennsylvania case is also inapplicable because it does not address the issues of the federal officer removal statute or diversity jurisdiction due to the fraudulent joinder of individual defendants who owed no duty to plaintiffs under the applicable state law—issues this Court must address in ruling on the Motion to Remand. (*See* ECF 20 at 12-16, 21-25 (explaining that Defendants acted under the direction of federal officers and the Court has diversity jurisdiction because the Individual Defendants were fraudulently joined); *see also* ECF 1 at 9-18 (removing the case based on the federal officer removal statute, and diversity jurisdiction and fraudulent joinder).)

## Conclusion

For all the reasons explained above and in Defendants' Response to Plaintiffs' Motion to Remand [ECF 20], Defendants respectfully request that Plaintiffs' Motion to Remand be denied and that Defendants be granted all other and further relief to which they are entitled either at law or in equity.

Respectfully submitted,

*/s/ Alexander Brauer*
Alexander Brauer
Texas State Bar No. 24038780
abrauer@baileybrauer.com
Clayton E. Bailey
Texas State Bar No. 00796151
cbailey@baileybrauer.com
Benjamin L. Stewart
Texas State Bar No. 24046917
bstewart@baileybrauer.com
Adam Bell
Texas State Bar No. 24101500
abell@baileybrauer.com

**BAILEY BRAUER PLLC**
Campbell Centre I
8350 N. Central Expressway, Ste. 650
Dallas, Texas 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7435

-and-

Matt W. Sherwood
State Bar No. 24066063
msherwood@bf-law.com

**BROWN & FORTUNATO, P.C.**
905 S. Fillmore, Suite 400
Amarillo, TX 79101
Telephone: (806) 345-6300
Facsimile: (806) 345-6363

**ATTORNEYS FOR DEFENDANT SWIFT BEEF COMPANY**

## CERTIFICATE OF SERVICE

On April 16, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>                                    */s/ Alexander Brauer*
>                                    Alexander Brauer